08-3773-ag
Wang v. Holder

BIA
Nelson, IJ
A098 977 458

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10ᵗʰ day of August, two thousand ten.

PRESENT:

      ROSEMARY S. POOLER,
      RICHARD C. WESLEY,
      DEBRA ANN LIVINGSTON,
          *Circuit Judges.*

_____

GUI QIN WANG,
    *Petitioner*,

      v.                    08-3773-ag (L);
                             09-1798-ag (Con)
                             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:      Gang Zhou, New York, New York.

FOR RESPONDENT:      Gregory G. Katsas, Assistant Attorney General, Civil Division, John S. Hogan, Senior Litigation Counsel, Achiezer Guggenheim, Attorney, David H. Wetmore, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Gui Qin Wang, a native and citizen of the People's Republic of China, seeks review of: (1) a July 3, 2008 order of the BIA affirming the July 6, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson denying Wang's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) an April 21, 2009 order of the BIA denying Wang's motion to reopen. *In re Gui Qin Wang*, No. A098 977 458 (B.I.A. July 3, 2008), *aff'g* No. A098 977 458 (Immig. Ct. N.Y. City July 6, 2006), *In re Gui Qin Wang,* No. A098 977 458 (B.I.A. Apr. 21, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.   08-3773-ag (L)**

Under the circumstances of this case, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *see Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant's credible testimony alone may suffice to carry her burden of proof in establishing eligibility for asylum. 8 U.S.C. § 1158(b)(1)(B)(ii). In this case, however, the IJ denied that relief after finding that Wang failed to provide reasonably available corroborative evidence in the form of letters from her husband and son concerning material elements of her claim. Wang argues that the IJ erred in relying on the absence of this evidence because neither her husband nor son had personal knowledge of her forced abortions and she was never given an opportunity to explain why she did not produce supporting statements from them. Under the REAL ID Act amendments, which apply to Wang's application for relief, *Matter of S-B-*, 24 I. & N. Dec. 42, 45 (B.I.A. 2006), "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Under those provisions, "an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably

3

obtained." *Chuilu Liu v. Holder*, 575 F.3d 193, 197 (2d Cir. 2009).

Here, the record does not compel a conclusion that the evidence the IJ sought was not reasonably available. The record belies Wang's assertion that she was not given the opportunity to explain why she did not provide such corroboration. Indeed, when asked why she did not, she responded that she did not think to do so. That response would not compel a reasonable factfinder to conclude that the evidence was not reasonably available. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). We are also unpersuaded by Wang's argument that the evidence the IJ sought was immaterial where: (1) Wang testified that her husband knew about her abortions and attempted to obtain compensation for her hospital bills; and (2) Wang testified that her son found her after she fainted following a confrontation with village cadres.

The IJ also reasonably found that several inadequacies in Wang's supporting documents – which included a letter from a co-worker and a letter from a doctor – adversely impacted her ability to meet her burden of proof.[1] *See Xiao*

---

[1] Wang's argument that the BIA violated her due process rights by relying on unidentified inconsistencies

*Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ).

Because substantial evidence supports the IJ's finding that Wang failed to sufficiently corroborate her claim, the IJ properly denied her application for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu*, 575 F.3d at 197-98. Because Wang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *see also* 8 U.S.C. § 1231(b)(3)(c). Wang has failed to sufficiently challenge the agency's denial of CAT relief and does not raise before this Court any claim based on her illegal departure from China. Thus, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

---

and reversing the IJ's credibility determination lacks merit. The BIA did not reverse the IJ's finding that Wang's testimony was credible, but rather affirmed the IJ's finding that the inconsistencies impacted upon Wang's ability to meet her burden.

5

**II.  09-1798-ag (Con)**

We review the BIA's denial of a motion to reopen for abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."  8 C.F.R. § 1003.2(c)(1) (2005).

Here, the BIA did not err in finding that the evidence Wang provided in support of her ineffective assistance of counsel claim was available before she filed her appeal. *See Matter of Guevara*, 20 I&N Dec. 238 (BIA 1991); *see Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006). Wang asserts that she was not aware of her previous counsel's ineffective assistance until after she filed her initial appeal to the BIA.  However, she stated in her motion to reopen before the BIA that she discovered that her previous attorney failed to submit her friend's affidavit when she received her file from him before filing a timely appeal.  Accordingly, both she and her new attorney were aware of the alleged ineffective assistance before filing her appeal to the BIA, and the BIA reasonably determined that her evidence was not previously unavailable.  8 C.F.R. § 1003.2(c)(1); *Norani*, 451 F.3d at 294.

Thus, because the BIA did not err in finding that Wang failed to provide evidence that was previously unavailable, it did not abuse its discretion in denying her motion to reopen. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Norani*, 451 F.3d at 294; 8 C.F.R. § 1003.2(c)(1).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7